UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DENISE DEAN,

                Plaintiff,

v.                                                            Case Number 09-12273-BC
                                                            Honorable Thomas L. Ludington

SPEEDWAY SUPERAMERICA, LLC,

                Defendant.
_____/

## ORDER FOR DEFENDANT TO FURTHER RESPOND TO COURT'S ORDER TO SHOW CAUSE AND ADJOURNING HEARING

On June 12, 2009, Defendant Speedway Superamerica, LLC, removed Plaintiff Denise Dean's complaint to this Court from Tuscola County Circuit Court on the basis of diversity jurisdiction. *See* [Dkt. # 1]. For diversity jurisdiction to exist in this case, Plaintiff and Defendant must be citizens of different states, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a)(1). It is apparent from the notice of removal and attached documents that Plaintiff and Defendant are citizens of different states. However, based on the fact that Plaintiff's complaint alleges that she was injured due to a "slip and fall" accident and that the amount in controversy exceeds $25,000, it is not apparent that the amount in controversy exceeds $75,000.

In light of the fact that it is Defendant's burden to prove that the amount in controversy requirement is satisfied, *see Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993), the Court ordered Defendant to show cause why the case should not be remanded to state court pursuant to 28 U.S.C. § 1447(c). *See Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998) ("[F]ederal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction."). The Court noted that Defendant must prove that at the time of removal,

it was "more likely than not" that the amount in controversy exceeded $75,000. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006).

In response, Defendant primarily relies on the allegations in Plaintiff's complaint to support the proposition that the amount in controversy exceeded $75,000 at the time of removal. Defendant emphasizes that Plaintiff alleged that she suffered "serious permanent and painful injuries," including a fracture, swelling, pain, and other injuries to her head, back, legs, and arms that are progressive in nature; that she has incurred and will continue to incur medical expenses; that she suffered loss of earnings and earning capacity; and that she has difficulty standing and walking up and down stairs.

The only specific factual evidence advanced by Defendant is that Plaintiff was off work for eight weeks with a fracture in her distal tibia, that it is now difficult for Plaintiff to "get up and down the stairs," and that Plaintiff has "swelling and aching." Pl. Dep. 67, Sept. 16, 2009. Defendant asserts that Plaintiff is claiming that she will suffer because of her injuries for the rest of her life, which the Social Security Administration estimates is another thirty-one years. Defendant contends that this means that to meet the amount in controversy requirement, the value of Plaintiff's losses must exceed $2,419.35 per year.

In addition, Defendant emphasizes that prior to removal, Plaintiff's counsel estimated that Plaintiff's damages exceed $100,000, Plaintiff alleged $250,000 in damages in her initial disclosures, and Plaintiff's counsel continues to assert that Plaintiff will seek in excess of $75,000 at trial. To support the proposition that Plaintiff's counsel's assertions can be relied on by a defendant to establish the amount in controversy, Defendant cites *Garza v. Bettcher Industries, Inc.*, 752 F.Supp. 753 (E.D. Mich. 1990).

Yet, in *Garza*, the defendant also advanced evidence of four specific surgical procedures that

the plaintiff underwent. *Id.* at 754. The court explicitly rejected an approach to analyzing the amount in controversy that would allow the defendant's burden of proof to be met with "mere allegations." *Id.* at 758. Here, much of Defendant's argument rests on Plaintiff's allegations, and the sparse facts that are advanced, i.e. a tibial fracture, ongoing pain and swelling, and eight weeks off work, do not suggest that it is "more likely than not" that the amount in controversy exceeded $75,000 at the time or removal. Notably, Defendant has not advanced any evidence as to particular medical expenses incurred, lost earnings suffered, or specific medical conditions that were known at the time of removal. Rather, Defendant appears to rely on the potential for Plaintiff to seek an unlimited amount of non-economic damages up to and beyond the jurisdictional amount.

In light of the above analysis, Defendant will be provided an opportunity to supplement its response to the Court's order to show cause with specific facts to support the proposition that an amount in excess of $75,000 was in controversy at the time of removal. Should the supplemental response be insufficient to establish jurisdiction, or Defendant elect to not file a supplemental response, the case will be remanded pursuant to § 1447(c). Since it is necessary to resolve the jurisdictional question before resolving the merits of Defendant's pending motion to dismiss, the hearing on that motion will be adjourned at this juncture.

Accordingly, it is **ORDERED** that Defendant is **DIRECTED** to file a supplemental response to the Court's order to show cause on or before **April 16, 2010**.

It is further **ORDERED** that the hearing on Defendant's motion for summary judgment [Dkt. # 10] scheduled for April 7, 2010, is **ADJOURNED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: April 1, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 1, 2010.

                                    s/Tracy A. Jacobs
                                    TRACY A. JACOBS